David J. Bodney (006065)
bodneyd@ballardspahr.com
Daniel A. Arellano (032304)
arellanod@ballardspahr.com
BALLARD SPAHR LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004
Telephone: 602.798.5400
Facsimile: 602.798-5595
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Linda Rae'Lee Klein,<br><br>    Plaintiff,<br><br>vs.<br><br>The Arizona Board of Regents, Arizona State University, and the Walter Cronkite School of Journalism and Mass Communication; and Kristin Grady Gilger,<br><br>    Defendants. | Case No.: CV-20-01982-PHX-SPL<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S APPLICATION FOR ORDER TO SHOW CAUSE** |

Pursuant to LRCiv 7.2(c) and Fed. R. Civ. P. 65, Defendants Arizona Board of Regents ("ABOR"), Arizona State University ("ASU"), the Walter Cronkite School of Journalism and Mass Communication (the "Cronkite School") and Kristin Grady Gilger ("Dean Gilger") (collectively, "Defendants") oppose Plaintiff's Application for Order to Show Cause (Doc. 12) for the reasons outlined below.

**Preliminary Statement**

Plaintiff Rae'Lee Klein seeks an order to show cause and immediate injunctive relief despite never having previously requested it, properly or otherwise. To this day, she has not sought a temporary restraining order or preliminary injunction. Instead, she filed only an "Application for Injunctive Relief" (Doc. 2) that, as this Court observed, referenced *none* of the factors necessary to warrant immediate injunctive relief pending final resolution on the merits. (Doc. 8) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008).

Accordingly, by Order dated October 15, 2020, this Court properly construed Plaintiff's Application as one for permanent injunction and declined to set a hearing or otherwise rule on the matter until the appropriate time (*id.*) – a ruling with which Plaintiff did *not* take issue.

Because a permanent injunction, unlike a preliminary injunction or a temporary restraining order, requires *actual* success on the merits, it would be premature at best for Defendants to respond to Plaintiff's renewed Application at this early juncture. Further, because granting Defendants' Motion to Dismiss (Doc. 11) would resolve this case in its entirety, the Court should address Defendants' Motion to Dismiss before holding a "show cause" hearing or otherwise proceeding with Plaintiff's case. Plaintiff should respond to the pending Rule 12 Motion rather than simply renew an Application that has already been addressed by this Court.

## **Argument**

### **I. PLAINTIFF'S APPLICATION FOR INJUNCTIVE RELIEF IS PREMATURE.**

"A permanent injunction (as opposed to a preliminary injunction or a temporary restraining order) is not provisional in nature, but rather is a final judgment." *Plummer v. Am. Inst. of Certified Pub. Accountants*, 97 F.3d 220, 229 (7th Cir. 1996). "The calculus is different in the context of permanent injunctions. A plaintiff must show actual success on the merits, so there is no concern that a mandatory permanent injunction will upset the status quo only for a later trial on the merits to show that the plaintiff was not entitled to equitable relief. *Edmo v. Corizon, Inc.*, 935 F.3d 757, 784 (9th Cir. 2019). The distinction is an important one: A preliminary injunction requires only a *likelihood* of success on the merits, whereas a permanent injunction requires *actual* success. *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 394 (1981) (noting impropriety of equating "likelihood of success" with "success" and of ignoring "the significant procedural differences between preliminary and permanent injunction"); *Edmo*, 935 F.3d at 784 (noting that "the standard

for granting permanent injunctive relief is higher [than for preliminary injunctions] in that it requires actual success on the merits").

A permanent injunction therefore requires Plaintiff to achieve actual success on the merits by way of a final, appealable judgment establishing liability – whether by trial or, at the earliest, the entry of summary judgment. *See MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 520 (9th Cir. 1993) ("As a general rule, a permanent injunction will be granted when liability has been established and there is a threat of continuing violations."); *Golden Gate Hotel Ass'n v. City & Cty. of S.F.*, 836 F. Supp. 707, 709 (N.D. Cal. 1993) ("[A] permanent injunction cannot issue unless based upon a valid, appealable judgment."), *vacated on other grounds*, 18 F.3d 1482 (9th Cir. 1994); *Protect Lake Pleasant, LLC v. Connor*, No. CIV 07-0454-PHX-RCB, 2010 WL 5638735, at *6 (D. Ariz. July 30, 2010) ("Only if the court grants summary judgment in plaintiffs' favor as to one or all of its remaining claims, will plaintiffs be able to show 'actual success' on the merits."); 11A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2941 (3d ed. Oct. 2020 Update) ("A permanent injunction will issue only after a right thereto has been established at a trial on the merits").

Until the merits of the case have been finally resolved by way of trial or summary judgment, a request for a permanent injunction is premature. *See Faulkner v. Bank of N.Y. Mellon*, No. CV11-1070-PHX-DGC, 2011 WL 2621076, at *2 (D. Ariz. July 5, 2011) ("To the extent Plaintiffs also seek a permanent injunction, the request is premature until the merits of this case have been resolved through summary judgment or trial." (citation omitted)). Moreover, Plaintiff's failure to apply for a temporary restraining order or preliminary injunction belies any sense of urgency she may now assert. *See CRST Expedited, Inc. v. Swift Transp. Co. of Ariz.*, LLC, No. 17-CV-25-CJW, 2018 WL 2016275, at *10 (N.D. Iowa Feb. 13, 2018) ("The Court notes, however, that plaintiff moved only for a *permanent* injunction, which would not as readily be decided as, say, a temporary restraining order or a preliminary injunction. Plaintiff's omission of a motion for a

temporary restraining order suggests plaintiff is not overly concerned that its damages may increase.").

Because Plaintiff has not sought a temporary restraining order or preliminary injunction, and because her application for permanent injunction is premature at best, neither the law nor any sound policy requires Defendants to respond to it at this time.

## II. PLAINTIFF SHOULD RESPOND TO, AND THE COURT SHOULD RESOLVE, THE PENDING MOTION TO DISMISS THIS CASE BEFORE SCHEDULING A "SHOW CAUSE" HEARING.

Defendants have filed a case-dispositive Motion to Dismiss. (Doc. 11). The Motion contends that the Court lacks subject-matter jurisdiction under the Eleventh Amendment and that Plaintiff has failed to state a claim. Plaintiff declined to cure, or attempt to cure, the defects of her action before Defendants filed their Motion to Dismiss, and she now asks this Court to skip over the Motion and address her defective application for injunctive relief that, if granted, would forever enjoin Defendants from removing her as manager of a student-operated internet radio station. However, if Defendants prevail on their Motion and the Court dismisses the action, it follows that Plaintiff's request for permanent injunctive relief will be moot. After all, Plaintiff could not achieve actual success on the merits if the Court lacks subject matter jurisdiction even to consider the merits or if Plaintiff fails to state a claim at the outset. Rather than respond to Defendants' case-dispositive Motion, Plaintiff has elected to renew her request for injunctive relief in disregard of the applicable standards and this Court's October 15 ruling on point.

Accordingly, the Court should decide Defendants' Motion to Dismiss before revisiting Plaintiff's application. Only if the Court does not grant the Motion in full should the parties proceed further with the case.

///
///
///
///
///

4

## **Conclusion**

For the foregoing reasons, the Court should deny Plaintiff's Application for Order to Show Cause, and order that no response to Plaintiff's Application for Injunctive Relief shall be due unless and until Plaintiff achieves actual success on the merits following trial or the entry of summary judgment.

RESPECTFULLY SUBMITTED this 18th day of November, 2020.

BALLARD SPAHR LLP

By: */s/ David J. Bodney*
David J. Bodney
Daniel A. Arellano
1 East Washington Street, Suite 2300
Phoenix, AZ 85004

*Attorneys for Defendants*

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of November, 2020, I electronically transmitted the foregoing document to U.S. District Court for the District of Arizona Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

I further certify that a copy of the foregoing was sent via email this same date to:

John "Jack" D. Wilenchik
Wilenchik & Bartness
2810 North Third Street
Phoenix, Arizona 85004
admin@wb-law.com
jackw@wb-law.com

*Attorneys for Plaintiff*

*/s/ Mary Strobel*

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

6